# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0707V
Filed: July 27, 2018
UNPUBLISHED

| | |
|---|---|
| A.D., a minor, by and through his Parents KRISTINE DAVIES and JOSEPH DAVIES,<br><br>      Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Measles Mumps Rubella (MMR) Vaccine; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Hepatitis A Vaccine;Thrombocytopenic Purpura (ITP) |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

  On June 16, 2016, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that A.D., a minor, suffered injuries resulting in thrombocytopenic purpura as a result of measles, mumps, rubella ("MMR"), diphtheria-tetanus-acellular-pertussis ("DTaP"), and hepatitis A vaccines administered on June 4, 2013. Petition at 1; Stipulation, filed July 27, 2018, at ¶ 1. Petitioners further allege that A.D. received these vaccinations in the United States, that neither A.D. nor his parents have ever received compensation or filed a civil action related to his injuries, and that he experienced the residual effects of his injuries for more than six months. Petition at 1-2; Stipulation at ¶¶ 3-5. "Respondent denies that the MMR, DTaP, or Hepatitis A

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccines, alone or in combination, caused A.D.'s alleged injury, any other injury, or his current condition " Stipulation at ¶ 6.

Nevertheless, on July 27, 2018, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

- **A lump sum of $150,000.00 in the form of a check payable to petitioners, as guardians/conservators of A.D.'s estate,** representing compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a); and

- **A lump sum payment of $2,950.53, in the form of a check payable to petitioners, Kristine and Joseph Davies, for past unreimbursable medical expenses**.

Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| A.D., a minor, by and through his parents, KRISTINE DAVIES and JOSEPH DAVIES, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 16-707V <br> Chief Special Master Dorsey <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Kristine and Joseph Davies ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of their minor child, A.D. The petition seeks compensation for A.D.'s injuries allegedly related to receipt of measles-mumps-rubella ("MMR"), diphtheria-tetanus-acellular pertussis ("DTaP") and hepatitis A ("Hep A") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.D. received DTaP and Hep A vaccines on June 4, 2013.[1]

3. The vaccines were administered within the United States.

---

[1] The medical records do not include documentation that A.D. received an MMR vaccine.

1

4. Petitioners allege that A.D. suffered idiopathic thrombocytopenia purpura ("ITP") that was caused-in-fact by his vaccinations. Petitioners further allege that A.D. experienced the residual effects of his injuries for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of A.D.'s condition.

6. Respondent denies that MMR, DTaP or Hep A vaccines, alone or in combination, caused A.D.'s alleged injury, any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of **$150,000.00**, in the form of a check payable to petitioners, as guardians/conservators of A.D.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8.b; and

   b. A lump sum payment of **$2,950.53**, in the form of a check payable to petitioners, Kristine and Joseph Davies, for past unreimbursable medical expenses.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

2

before the special master to award reasonable attorneys' fees and costs incurred in proceedings upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of A.D., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacity, and as legal representatives of A.D., on behalf of themselves, A.D., and A.D.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal

Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.D. resulting from, or alleged to have resulted from vaccinations administered on or about June 4, 2013, as alleged by petitioners in a petition for vaccine compensation filed on or about June 16, 2016, in the United States Court of Federal Claims as petition No. 16-707V.

14. If A.D. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that MMR, DTaP or Hep A vaccines, alone or in combination, caused A.D.'s ITP or any other injury or his current condition.

18. All rights and obligations of petitioners in their capacity as legal representatives of A.D. shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_____
KRISTINE DAVIES

_____
JOSEPH DAVIES

ATTORNEY OF RECORD FOR PETITIONERS:

_____
WILLIAM E. COCHRAN, JR.
530 Oak Court Drive, Ste. 360
Memphis, TN 38117
(901) 762-0535

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

Ward Sorensen for
_____
NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U. S. Department of Health and
Humans Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD  20857

ATTORNEY OF RECORD FOR RESPONDENT:

_____
JENNIFER E. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: July 27, 2018

6