# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 16-0707V
## Filed: April 10, 2019
UNPUBLISHED

|  |  |
|---|---|
| A.D., a minor, by and through his , Parents KRISTINE DAVIES and JOSEPH DAVIES, <br><br>                    Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                    Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioners.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 16, 2016, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that A.D., a minor, suffered injuries resulting in thrombocytopenic purpura as a result of measles, mumps, rubella ("MMR"), diphtheria-tetanus-acellular-pertussis ("DTaP"), and hepatitis A vaccines administered on June 4,

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2013.  Petition at 1.  On July 27, 2018, the undersigned issued a decision awarding compensation to petitioners based on the parties' stipulation.  ECF No. 57.

On February 6, 2019, petitioners filed a motion for attorneys' fees and costs. ECF No. 62.  Petitioners requests attorneys' fees in the amount of $49,948.00 and attorneys' costs in the amount of $3,865.56.  *Id.* at 1.  Additionally, in accordance with General Order #9, petitioners counsel represented that petitioners incurred $9,186.50 in out-of-pocket expenses.  ECF No. 62-3.  Thus, the total amount requested is $63,000.06.

On February 20, 2019, respondent filed a response to petitioners motion.  ECF No. 63.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioners filed no reply.

The undersigned has reviewed the billing records submitted with petitioners request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24

Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioners counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.     Attorney Fees

### A.  Hourly Rates

#### i.   Law Clerks

Petitioners are requesting the rate of $159 for time billed in 2019 by law clerk, Samantha R. Ward.  This rate exceeds the range for law clerks and paralegals in the rate schedules set forth in the OSM Attorneys' Forum Hourly Rate Schedules for 2019. The schedule for 2019 is available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned reduces the requested rate to the rate of $156 per hour, reducing the request for attorney's fees by **$5.70**.[3]

### B.  Excessive Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209. Billing records show that three attorneys, including two partners, and two law clerks billed time in this matter. Together the staff billed 90 line item entries just to review ECF entries throughout the case. This resulted a total of 11.5 hours billed or $3,706.80, in duplicative time to review the notifications. The motion for attorney fees does not include supporting documentation to support the necessity of having multiple people review and notate the same notifications.

### C.  Duplicative Billing Entries

The undersigned also finds that the total number of hours billed by the attorneys and paralegals regarding their internal communications to be excessive.  Over 16 hours were billed for the attorneys and law clerks to discuss the case amongst themselves, draft and read internal emails, inter office meetings, developing case strategies, and

---

[3] This amount consists of $159 - $156 = $3 x 1.90 = $5.70.

preparing instructions for staff and plans to proceed with the case.  Examples of these entries include[4]:

- June 22, 2016 (0.10 hrs) "Discuss with Carmen Garcia the status of medical records requests"
- June 29, 2016 (0.10 hrs) "Correspondence to Samantha Ward regarding invoice"
- July 8, 2016 (0.20 hrs) "Multiple emails from and to Will Cochran and Carmen Garcia regarding requesting records from Chop ER and hospital"
- July 8, 2016 (0.10 hrs) "Discuss strategy for obtaining medical records with Will Cochran"
- July 13, 2016 (0.10 hrs) "Discuss pediatric records with Will Cochran and case strategy"
- September 1, 2016 (0.10 hrs) "Prepare instructions for preparing and filing exhibits"
- January 13, 2017 (0.20 hrs) "Review case status and work on strategy and plan"
- February 16, 2017 (0.10 hrs) "Work on plan and effort to make sure we have complete updated records"
- August 21, 2017 (0.10 hrs) "Conversation with Samantha Ward regarding Sav-On medications"
- October 4, 2014 (0.10 hrs) "Develop plan based on new information from client"
- October 13, 2017 (0.20 hrs) "Office conference with Carmen Garcia regarding requesting records"
- October 23, 2017 (0.1 0hrs) "Prepare instructions for getting additional updated records"
- December 7, 2017 (0.20 hrs) "Intra-office meeting with staff to discuss path forward, where we stand now, necessary activity and impending dates"

ECF No. 62-2 at 2-5, 7, 11-12,21-24.

D.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the

---

[4] These are merely examples and not and exhaustive list.

Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Over 11 hours was billed on tasks considered administrative in nature including, receiving documents, forwarding correspondence and invoices, scanning and saving, and paying invoices. Examples of these entries include[5]:

- June 27, 2016 (0.30 hrs) "Receipt of invoice from Children's Hospital of Pennsylvania; work on scanning and saving; update provider chart; review invoice charges; copy to Sherry Fearon for payment"
- July 6, 2016 (0.20 hrs) "Receipt of invoice from Doylestown Women's Health Center; Review client service of subpoena; file and update provider chart"
- July 12, 2016 (0.10 hrs) "Work on scanning"
- July 14, 2016 (0.10 hrs) "Work on creating subfolder for newly received medical records from Cyrilda Navarro"
- August 24, 2016 (0.10 hrs) "Receipt /Review invoice from Chop Hematology and submit for payment"
- September 9, 2016 (0.30 hrs) "Prepare exhibit CD's to go via fed ex and regular mail to the clerk and HHS attorney"
- November 16, 2016 (0.10 hrs) "Receipt/review billing information requested from Dr. Navarro and save to file"
- April 10, 2017 (0.20 hrs) "Receipt of medical records from CHOP; work on scanning and saving; update provider chart; correspondence to Chris Webb with copy of medical records attached"
- May 2, 2017 (0.30 hrs) "Receipt of invoice from Children's Hospital of Pennsylvania; work on scanning and saving; update provider chart; review invoice charges; copy to Sherry Fearon for payment"

ECF No. 62-2 at 3-9 and 14-15.

Based upon the above analysis and the undersigned's experience, petitioners' application for attorneys' fees is reduced by 5%. This results in a total reduction of **$2,497.12**.

---

[5] These are merely examples and not and exhaustive list.

### III.    Attorney Costs

i.   Black McLaren Jones Ryland & Griffee

Petitioners request reimbursement for attorney costs incurred by Black McLaren Jones Ryland & Griffee in the amount of $3,612.77. After reviewing invoices submitted, the undersigned finds no cause to reduce petitioners request and awards the full amount of attorney costs sought.

ii. Petitioner's Costs

Petitioners request reimbursement for out of pocket costs incurred regarding retaining and establishing the guardianship. The total amount submitted is $9,186.50 in petitioner's expenses. After reviewing invoices submitted, the undersigned finds no cause to reduce petitioner's' request and awards the full expended by petitioner.

### IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioners motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $60,244.45,[6] as follows:**

- **A lump sum of $51,057.95, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioners counsel,  William E. Cochran, Jr.; and**

- **A lump sum of $9,186.50, representing reimbursement for petitioner's costs, in the form of a check payable to petitioners.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.